UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                Plaintiff,

        -against-

NORMAN J. POWELL,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18 CV 4265 (ENV) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On July 27, 2018, plaintiff Freedom Mortgage Corporation ("Freedom" or "plaintiff") commenced this action, pursuant to the New York Real Property and Proceedings Law ("RPAPL") § 1301, et seq., against defendant Norman J. Powell ("Powell" or "defendant"), seeking to foreclose on a mortgage encumbering the property located at 9249 244th Street, Floral Park, N.Y. 11001 (the "Subject Premises" or "the property").[1] When defendant Powell failed to file an answer or otherwise appear in this action, a certificate of default was entered against him on June 5, 2019. On July 30, 2019, plaintiff filed a motion for default judgment. The motion was thereafter referred to the undersigned to issue a Report and Recommendation.[2]

In light of CIT Bank N.A. v. Schiffman, — F.3d —, 2020 WL 425049 (2d Cir. Jan. 28, 2020), in which the Second Circuit certified two questions to the New York Court of Appeals, it is respectfully recommended that the default judgment be denied without prejudice to renew,

---

[1] Subject matter jurisdiction is based on the diversity of the parties, with plaintiff having been incorporated under the laws of New Jersey with its principal place of business in Mount Laurel, N.J., and defendant being a citizen and owner of the property located in New York. (See Plaintiff's Complaint, dated June 5, 2018 ("Compl."), ECF No. 1, ¶¶ 2, 3, 5 (also attached as Exhibit A to Plaintiff's Declaration in Support of Motion for Default Judgment, dated July 30, 2019 ("Pl.'s Decl."))).

[2] See Electronic Order dated August 16, 2019.

and this case be stayed pending resolution of Schiffman.

In CIT Bank N.A. v. Schiffman, defendants Pamela and Jerry Schiffman appealed the decision of the Honorable Dora L. Irizarry granting a motion for summary judgment in a foreclosure action, arguing that CIT had failed to comply with the pre-foreclosure procedures that the New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1304 and 1306 require. 2020 WL 425049, at *1. RPAPL § 1304 provides that, as a condition precedent to the commencement of any foreclosure action on a home loan, the lender, assignee, or mortgage loan servicer shall notify the borrower "at least ninety days" prior to filing a lawsuit "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." RPAPL § 1304 (referred to as a "90-day Notice" or "Notice"); CIT Bank N.A. v. Schiffman, 2020 WL 425049, at *2. "Compliance with § 1304 can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" CIT Bank N.A. v. Schiffman, 2020 WL 425049, at *2 (quoting Citibank, N.A. v. Conti-Scheurer, 172 A.D.3d 17, 21, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)).

The bank's Notices in CIT Bank N.A. v. Schiffman were dated one year after the default on the mortgage obligations; the Second Circuit found that the gap in time between the default and the Notice cast "doubt on whether CIT offered adequate 'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed.'" CIT Bank N.A. v. Schiffman, 2020 WL 425049, at *3. Since the Second Circuit could not find any controlling New York State authority on that question, the court certified the following question to the New

2

York State Court of Appeals: "Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?" Id. at *6.[3]

Mortgage holders have "the affirmative obligation to establish strict compliance with RPAPL § 1304" and "cannot satisfy [that] burden with conclusory statements of compliance." Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 CV 02288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) (internal citations and quotations omitted). Failure to comply with § 1304 is a sufficient basis to deny foreclosure relief, CIT Bank, N.A. v. Donnatin, No. 17 CV 2167, 2020 WL 248996, at *3-4 (E.D.N.Y. Jan. 16, 2020), even in the context of a default judgment motion. See, e.g., Nationstar Mortg. LLC v. Nedza, 315 F. Supp. 3d 707, 710 (W.D.N.Y. 2018).

For the Court to enter a default judgment in this case, the Court would need to find that the plaintiff complied with RPAPL § 1304 prior to commencing suit. Before the New York State Court of Appeals has the opportunity to clarify what RPAPL § 1304 requires, it is unclear what plaintiff must show in the context of this default. In this case, the Complaint alleges that on November 6, 2015, defendant Powell executed a Note to Sun West Mortgage Company, Inc.,[4]

---

[3] The Second Circuit also certified a second question on RPAPL § 1306: "Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing include information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?" CIT Bank N.A. v. Schiffman, 2020 WL 425049, at *6. Since there is only one borrower on the loan at issue in this case, the Court does not anticipate that the second question would impact the present motion for default judgment.

[4] Although the Complaint does not allege the name of the initial lender, the Note is attached as Schedule A to the Complaint, and it lists the lender as Sun West Mortgage Company, Inc., a California corporation.

3

securing the repayment of a mortgage in the amount of $408,396.00 to cover the premises located at 9249 244th Street, Floral Park, New York 11001-3912 (the "Mortgage"). (Compl. ¶¶ 1, 7, Sch. A). The Complaint alleges that the Mortgage was assigned to Freedom[5] and an assignment executed on April 24, 2018 was sent for recording in the office of the Nassau County Clerk. (Id. ¶ 8). Plaintiff alleges that Powell failed to make the payment that was due on August 1, 2017 and has not made any of the subsequent payments. (Id. ¶ 9).

Although there are distinctions between this case and CIT Bank N.A. v. Schiffman, the Court of Appeal's answer to the certified question may change how this Court evaluates Freedom Mortgage's compliance with RPAPL § 1304. The motion before this Court is a default motion, while the District Court in CIT Bank N.A. v. Schiffman was considering a motion for summary judgment in which the defendant had appeared and raised a challenge to the bank's compliance with the RPAPL. See 2020 WL 425049, at *1. Unlike in Schiffman, the defendant here is in default and has not appeared nor contested Freedom's compliance with § 1304. However, while the defendant has not denied receipt of the Notice, nor challenged Freedom's standard office mailing procedure, the Court nonetheless observes that Freedom's papers on their face raise questions regarding its compliance with RPAPL § 1304, which the Court of Appeal's answer to the certified question may clarify.

Specifically, to demonstrate its compliance with RPAPL § 1304, Freedom Mortgage has provided an affidavit attesting that Freedom sent the required 90-day pre-foreclosure Notice to

---

[5] Plaintiff has submitted an Affidavit of Plaintiff, sworn to by Erica Tracy, Foreclosure Specialist for Freedom, dated July 17, 2019, ECF No. 15-6, ("Pl.'s Aff."), attesting to the fact that the Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Sun West, and recorded on June 20, 2018 in the Office of the Nassau County Clerk. (Pl.'s Aff. ¶ 3). According to her Affidavit, Freedom had possession of the Promissory Note, which was endorsed in blank, on January 2, 2018, which was prior to July 27, 2018, the date when the foreclosure action was commenced. (Id. ¶ 2).

the property address "via first class and certified mail." (See Pl.'s Aff., Ex. F ¶ 5; see also Compl. ¶ 12). Freedom appears to have attached a certified mail receipt for delivery to the property, as well as a copy of the Notice. (See Pl.'s Aff., Ex. F ¶ 5, attachments). However, on June 5, 2018, when plaintiff commenced this action seeking to foreclose on the Mortgage, plaintiff served the defendant with the Summons, Complaint, and Notice of Pendency filed in the Kings County Clerk's Office by mailing copies to Norman J. Powell, at 9902 Knoxshire Pl. Unit 202, Louisville, KY 40272, and by delivering a copy to the defendant's co-tenant at that Kentucky address. (See Affidavit of Service, ECF No. 8, at 2; see also Pl.'s Decl.,[6] Ex. D). Based on the address served, at some point in 2018, Powell moved from the foreclosed property to Louisville, Kentucky. If Powell had been living in Kentucky for 90 days prior to the filing of this action (that is, by March 2018), then Freedom should also have provided the 90-day Notice to Powell at his Kentucky address, because RPAPL § 1304 requires serving the 90-day Notice not only to the property address, but also "to the *last known address* of the borrower." RPAPL § 1304 (emphasis added). At this time, the Court cannot discern whether Freedom adhered to that provision of RPAPL § 1304, because Freedom has provided no information as to when plaintiff became aware of Powell's Kentucky address.

These circumstances raise similar questions to those in CIT Bank N.A. v. Schiffman. The Court of Appeal's answer to the certified question is likely to clarify the requirements for determining whether § 1304's requirements have been satisfied. That answer will be binding on this Court. See Engel v. CBS, Inc., 182 F.3d 124, 125 (2d Cir. 1999) (holding that "the highest court of a state has the final word on the meaning of state law, and [federal courts] are bound to

---

[6] Citations to "Pl.'s Decl." refer to plaintiff's Declaration in Support of Motion for Default Judgment, dated July 20, 2019, ECF No. 15.

apply New York law as determined by the New York Court of Appeals." (citations and quotations omitted)). As such, the Court respectfully recommends conserving judicial resources by refraining from deciding this motion for default judgment until such time as the Court of Appeals comes to its decision.[7] Thus, it is respectfully recommended that the case be stayed, and the pending motion for default judgment be denied without prejudice, until the Court of Appeals answers the certified question at issue.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

---

[7] Under similar circumstances, when the District Court for the District of Nevada recognized a federal-state split in the interpretation of Nevada's homeowner association foreclosure notice provisions, it certified a question to the Nevada Supreme Court and issued stays in cases where resolution of the certified question was relevant. See, e.g., Deutsche Bank Nat'l Tr. Co. v. Indep. II Homeowners' Ass'n, No. 16 CV 536, 2018 WL 297579, at *2 (D. Nev. Jan. 4, 2018) (finding that "significant judicial resources will be saved if the Court refrains from issuing a decision in this case" until the Nevada Supreme Court decides the issue); Bank of Am., N.A. v. Santa Barbara Homeowners Ass'n, No. 16 CV 2768, 2017 WL 11306681, at *1 (D. Nev. Dec. 29, 2017) (staying the action "*sua sponte* . . . in its entirety until the Nevada Supreme Court resolves the certified question." (footnote omitted)).

6

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 13, 2020

/s/ Cheryl Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York