UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
FREEDOM MORTGAGE CORPORATION,   :
:
                            Plaintiff,   :
:        MEMORANDUM & ORDER
        -against-   :
:        2:18-CV-4265 (ENV) (CLP)
NORMAN J. POWELL,   :
:
                          Defendant.   :
----------------------------------------------------------------- x

VITALIANO, D.J.

      On July 27, 2018, Freedom Mortgage Corporation ("Freedom Mortgage") brought this action against Norman J. Powell to foreclose a residential mortgage encumbering the property located at 9249 244th Street, Floral Park, New York, 11001. *See* Compl., Dkt. 1, ¶ 1. Because Powell has not appeared or otherwise responded to the complaint, the Clerk of Court entered a certificate of default against him on June 5, 2019. Dkt. 12. Two months later, Freedom Mortgage moved for default judgment. Dkt. 13. The motion was then referred to Chief Magistrate Judge Cheryl L. Pollak for a report and recommendation as to her findings. Aug. 16, 2019 Order.

      On February 13, 2020, Judge Pollak issued her report and recommendation ("R&R"), recommending that Freedom Mortgage's motion be denied without prejudice, and that the case be stayed pending the New York Court of Appeals' answer to a question certified by the Second Circuit in *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 535 (2d Cir. 2020), *certified question accepted*, 34 N.Y.3d 1137, 119 N.Y.S.3d 419, 142 N.E.3d 102 (2020). *See* R&R, Dkt. 20. On February 19, 2020, Freedom Mortgage filed timely written objections to Judge Pollak's R&R. *See* Pl's. Mem., Dkt. 21. For the reasons that follow, Freedom Mortgage's objections are overruled, the R&R is adopted in its entirety as the opinion of the Court, the motion for default

1

judgment is denied without prejudice and this matter is stayed until further order.

## Background

Notwithstanding Powell's defaulted status, the Court presumes the parties' familiarity with the procedural history and underlying facts of this case. For purposes of the objection, the following facts are pertinent and deemed to be true. On November 6, 2015, Powell executed a mortgage and note encumbering the residential property at 9249 244th Street, Floral Park, New York 11001. Compl. ¶¶ 1, 7–8. Starting on August 1, 2017, Powell failed to make a payment due under the note, and he subsequently failed to make additional payments. *Id.* ¶ 9. In response to Powell's default, on January 11, 2018, Freedom Mortgage mailed a pre-foreclosure notice to the property address informing Powell that a foreclosure action could ensue if his default were not cured. Pl.'s Aff., Ex. F, Dkt. 15-6, ¶ 5. Powell failed to cure, and on July 27, 2018, Freedom Mortgage brought the instant action. *See generally* Compl.

## Legal Standard

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, as to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" in order to accept it. *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).

<u>Discussion</u>

The R&R focuses on whether Freedom Mortgage has complied with the requirements of New York Real Property Actions and Proceedings Law ("RPAPL") § 1304. R&R at 3–5. RPAPL § 1304 obligates mortgagees to send a pre-foreclosure notice "to the last known address of the borrower, and to the residence that is the subject of the mortgage" at least 90 days before initiating a foreclosure action. RPAPL § 1304(2). Failure to comply with § 1304 is grounds for dismissal. *See, e.g.*, *Courchevel 1850 LLC v. Stern*, No. 17-CV- 1794 (NGG) (JO), 2018 WL 3193210, at *2 (E.D.N.Y. June 28, 2018).

Judge Pollak observed that while Freedom Mortgage attested that it mailed a § 1304 notice to the property address 90 days before initiating this action, it later served Powell with a summons and complaint at an entirely different address in Kentucky. R&R at 4–5. Judge Pollak explained that, under the language of the statute, if Freedom Mortgage had known Powell resided in Kentucky at the time it sent the § 1304 notice, it may have been required to mail the notice to the Kentucky address as well. *Id.* at 5. Freedom Mortgage has provided no information as to when it became aware of Powell's Kentucky address, leaving its compliance with § 1304 an open issue. *Id.* Having identified this issue, and observing that the New York Court of Appeals is poised to clarify § 1304's requirements in response to the Second Circuit's query in *Schiffman*, Judge Pollak recommended that the Court stay this case at this time in the interest of conserving judicial resources. *Id.* at 6.

Freedom Mortgage objects to Judge Pollak's R&R on three grounds. First, Freedom Mortgage claims that a § 1304 defense must be raised by a defendant, and, therefore, Judge Pollak erred by considering it on a motion for default judgment. Pl.'s Mem. at 2–5. Second, it contends that *Schiffman* is factually distinguishable from this case and the question it certified is

3

irrelevant. *Id.* at 6. Third, it highlights that its complaint alleges compliance with § 1304 and argues that this is sufficient to warrant default judgment. *Id.* Since the objections are timely, they must be reviewed *de novo*.

In support of its first objection, Freedom Mortgage cites several New York Appellate Division decisions suggesting that a plaintiff is not required to show compliance with § 1304 if the borrower does not raise it as a defense.[1] Pl.'s Mem. at 3. For example, in one case, the Appellate Division reversed a trial court's denial of plaintiff's motion for leave to enter a default judgment, explaining that plaintiff was not required to prove compliance with § 1304 in light of defendant's default:

> Failure to comply with RPAPL 1304 is not jurisdictional. Rather, it is a defense, which may be raised at any time. However, in this case, that defense has never been raised by the borrowers. Therefore, the plaintiff was not required to disprove that defense.

*U.S. Bank N.A. v. Carey*, 137 A.D.3d 894, 896, 28 N.Y.S.3d 68, 70 (2d Dep't 2016) (internal citations omitted). Other intermediate appellate courts have issued similar decrees. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Lopez*, 148 A.D.3d 475, 476, 49 N.Y.S.3d 123 (1st Dep't 2017)

---

[1] It is important to keep in mind that when applying state law, federal district courts are bound by the decisions of the state's intermediate courts in the absence of persuasive evidence that the state's highest court would reach a different conclusion. *See Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999) ("We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts in the *Biss* cases unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion."); *see also Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 399 (2d Cir. 2001) ("'Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law.' In predicting how a state's highest court would rule on an issue, it is helpful to consider the decisions of the state's trial and appellate courts." (quoting *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000)). The New York Court of Appeals does not appear to have addressed whether § 1304 is properly considered on a motion for default judgment.

4

("Having so defaulted, and having failed to proffer a reasonable excuse for his defaults, defendant is precluded from moving to dismiss the foreclosure action on the ground of plaintiff's alleged failure to comply with RPAPL 1304.").[2]

Although these cases appear to support Freedom Mortgage's position, they are at odds with the disposition of this issue by courts in this district. Indeed, courts in this district routinely review § 1304 compliance on motions for default judgment. *See Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2020 U.S. Dist. LEXIS 15846, at *2 (E.D.N.Y. Jan. 29, 2020) ("Courts must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion, because failure to comply with § 1304 is a sufficient basis to deny foreclosure relief." (internal citations omitted)); *see also Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *4 n.6 (E.D.N.Y. Mar. 16, 2020) (noting that "federal courts sitting in New York regularly review compliance with RPAPL § 1304 in ruling on motions for default judgment in foreclosure cases" and citing cases). Unfortunately, none of these courts have engaged, much less rationalized differences, with the countervailing Appellate Division cases.

While Freedom Mortgage may ultimately be correct that compliance with § 1304 should not be considered on a motion for default judgment, in light of the plain split on this issue and the potential clarification forthcoming from the New York Court of Appeals, which will be binding on this Court, the Court finds that a stay is appropriate at this time. Accordingly, Freedom Mortgage's objection on this ground, and to that limited extent, is overruled.[3]

---

[2] Because Freedom Mortgage makes this argument in response to Judge Pollak's R&R, Judge Pollak did not have an opportunity to consider this case law.

[3] Lending further support to this determination, the split identified *supra* is not the only split relevant to this case that may be mended by the New York Court of Appeals in its forthcoming

5

Next comes Freedom Mortgage's objection that *Schiffman* is factually distinguishable from this case and therefore irrelevant. For one, *Schiffman* pertained to a motion for summary judgment, not a motion for default judgment. *Schiffman*, 948 F.3d at 531. Second, *Schiffman* did not involve a defendant who had switched addresses. Rather, *Schiffman* involved a plaintiff who had produced evidence establishing a standard mailing procedure for § 1304 notices, but also produced an actual § 1304 notice showing it failed to follow that standard mailing procedure. *Id.* at 535. Given the sparring over its relevance, the precise language of the question certified by the Second Circuit in *Schiffman* and accepted by the New York Court of Appeals reads as follows:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

*Id.*

The Court recognizes that the question certified by the Second Circuit does not bear perfectly on the issues raised by Freedom Mortgage's motion. But, in light of the uncertainties

---

answer. As identified by Judge Pollak, there is an issue in this case as to whether Freedom Mortgage knew that Powell had moved to a new address, and was therefore required to mail him notice there. Courts in this district split over whether § 1304 requires notice to be mailed to a defendant's new address if he or she moves. The conventional view has been that mailing to the new address is not required because, if a borrower moves from the property address, the loan ceases to be a "home loan." *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH) (ST), 2019 WL 2435670, at *2 n.4 (E.D.N.Y. Jan. 10, 2019) (citing cases). Recently, however, one court bucked this trend, and, after a thorough analysis of the text and legislative history of the statute, held that § 1304 requires mailing notice to both the property address and the borrower's new address. *See Courchevel*, 2018 WL 3193210, at *6. The New York courts have not definitively answered this question. *See id.* at *4.

6

surrounding § 1304's requirements, any clarity the New York Court of Appeals may shed on the subject warrants the stay. Indeed, earlier this year, the court in *Miss Jones, LLC* followed the same approach. *See Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2020 WL 1527141, at *2 (E.D.N.Y. Mar. 31, 2020). On a motion for default judgment hinging on compliance with § 1304, he adopted a similar report and recommendation. *Id.* Overruling plaintiff's objections, the court explained that a stay was warranted despite differences between plaintiff's case and the facts in *Schiffman*:

> While Plaintiff is correct that there are important factual differences between *Schiffman* and this case, these distinctions do not change Judge Bulsara's observation that, in answering the certified question, the Court of Appeals is likely to "shed light on the meaning and application of § 1304."

*Id.* at *2 (internal citations omitted). The Court finds the same to be true here. Accordingly, Freedom Mortgage's objection on this ground meets the same fate as its first objection.

For its final objection, Freedom Mortgage spotlights paragraph 12 of its complaint, which states that it "complied with the notice provision of . . . RPAPL Section 1304 . . . ." Compl. ¶ 12. It argues that the Court must accept this allegation as true and grant default judgment. *See* Pl.'s Mem. at 6.

Of course, Freedom Mortgage is correct that, as a general matter, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability . . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). But, the Court also need not accept as true mere legal conclusions. *See, e.g.*, *Lamaka v. Russian Desserts Inc.*, No. 18-CV-07354, 2020 WL 42810, at *1 (E.D.N.Y. Jan. 3, 2020). Paragraph 12 of the complaint simply asserts, with no factual backup, that Freedom Mortgage complied with § 1304.

7

Case 2:18-cv-04265-ENV-CLP   Document 22   Filed 08/24/20   Page 8 of 8 PageID #: 233

For that reason, it is a legal conclusion and insufficient, on its own, to warrant default judgment. Moreover, in answering the certified question, the New York High Court will likely address two related issues: (a) whether RPAPL § 1304's requirements are jurisdictional or must be raised as an affirmative defense and (b) whether service of the RPAPL notice on the defendant at his new address was required. Until we have the New York Court of Appeals' answer, compliance with RPAPL § 1304 on this record cannot be determined. Consequently, this objection, too, is overruled.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court. The case is stayed pending the New York Court of Appeals' answer to the question certified by the Second Circuit in *Schiffman*, 948 F.3d at 535. Freedom Mortgage's motion for default judgment is denied without prejudice.

So Ordered.

Dated:   Brooklyn, New York
         August 9, 2020

/s/ENV
_____
ERIC N. VITALIANO
United States District Judge

8